## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Judith Tompson

    v.                              Civil No. 16-cv-215-JD

Lancelot Court Condominium Association

### REPORT AND RECOMMENDATION

Pro se plaintiff, Judith Tompson, has filed a complaint (doc. no. 1), which is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

### Preliminary Review Standard

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis.  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Tompson resides at Lancelot Court Condominiums ("Lancelot") in Salem, New Hampshire.  Tompson alleges that Lancelot is a New Hampshire corporation.  Lancelot sued Tompson in the New Hampshire Superior Court in Rockingham County, to enforce a lien for unpaid assessments, pursuant to N.H. Rev. Stat. Ann. § 356-B:56.  In that action, summary judgment was granted to Lancelot on the issue of liability.  Lancelot obtained a jury award of $17,000.00 in damages.  Lancelot's motion for costs and attorneys' fees totaling almost $22,750.00 above the jury award, was also granted.  Tompson appealed, and the New Hampshire Supreme Court affirmed the Superior Court decisions and verdict. See Lancelot Ct. Condo. Ass'n v. Tompson, No. 2015-0252 (N.H. Apr. 29, 2016).

Plaintiff then filed this action, captioning it both as a "Notice of Appeal" and as a "Complaint."  See Doc. No. 1, at 1 ("Complaint"); Doc. No. 1-2 ("Notice of Appeal").  Plaintiff cites a series of federal laws, federal procedural rules, state laws, treatises, the Restatement, and the Taking Clause as providing the bases for her assertion that this court has federal question jurisdiction in this case.  Plaintiff seeks

declaratory and injunctive relief, specifically, review and reversal of the state courts' decisions in her case.  Plaintiff has not asserted a claim for damages.

## Discussion

### I.   Rooker-Feldman

Plaintiff has the burden of proving that this court has subject matter jurisdiction here.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  As plaintiff seeks this court's reversal of the NHSC decision in the state proceedings, the Rooker-Feldman doctrine provides grounds for dismissing this action.  The Rooker-Feldman doctrine holds that, as a general rule, federal district courts should not sit in direct review of state court decisions.  See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).  The Rooker-Feldman doctrine divests this court of jurisdiction over "'cases brought by state-court losers [complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and] inviting district court review and rejection of [the state court's] judgments.'"  Skinner v. Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  As the Rooker-Feldman doctrine

3

applies here, Tompson's claims should be dismissed.

## II.  <u>No Diversity Jurisdiction</u>

Plaintiff's complaint states that Lancelot is incorporated in New Hampshire and has a principal place of business in New Hampshire.  Plaintiff further alleges that Lancelot's fiscal agent resides in Massachusetts.  Defendant Lancelot, like plaintiff, is a citizen of New Hampshire.  <u>See</u> 28 U.S.C. § 1332(c).  <u>Cf.</u> <u>Francesco v. Beacon Ct. Condo.</u>, No. 07 CIV. 2766(LMM), 2009 U.S. Dist. LEXIS 3826, at *8, 2009 WL 174184, at *2 (S.D.N.Y. Jan. 6, 2009) (unincorporated condominium association in New York is deemed to be citizen of each state where its unit owners reside).  For that reason, this court lacks diversity jurisdiction over this case.  <u>See</u> 28 U.S.C. § 1332.

## III.  <u>Res Judicata</u>

Even if plaintiff's citation to federal laws and federal Constitutional Amendments provided this court with federal question jurisdiction, res judicata, and the rules precluding new claims that should have been raised as defenses or compulsory counterclaims previously, provides an independent basis for dismissing this later-filed action.  State court decisions have the same preclusive effect in federal cases that

4

they would have under state law.  See <u>Miller v. Nichols</u>, 586

F.3d 53, 60 (1st Cir. 2009).

> In New Hampshire, "the essence of the doctrine of res
> judicata is that a final judgment by a court of competent
> jurisdiction is conclusive upon the parties in a subsequent
> litigation involving the same cause of action."  The
> doctrine precludes litigation in a later case of matters
> actually litigated, and matters that could have been
> litigated, in the earlier action.  For res judicata to
> apply, three elements must be satisfied: (1) the parties
> must be the same or in privity with one another; (2) the
> same cause of action must be before the court in both
> instances; and (3) a final judgment on the merits must have
> been rendered in the first action.

<u>Torromeo v. Town of Fremont</u>, 438 F.3d 113, 116 (1st Cir. 2006)

(citations omitted).  New Hampshire law broadly defines a

"'cause of action' as 'all theories on which relief could be

claimed on the basis of the factual transaction in question.'"

<u>Brooks v. Trs. of Dartmouth Coll.</u>, 161 N.H. 685, 694, 20 A.3d

890, 897 (2011).  It does not matter, for the purposes of

preclusion with respect to the sequential cases at issue here,

that the federal claims here could only have been presented as

defenses or as compulsory counterclaims, in the state courts.

> A judgment on the merits concludes the involved parties
> both as to what was actually litigated and as to everything
> that might have been litigated. . . . "A valid judgment
> finally negatives every defense that was or might have been
> raised.  This is so in spite of the fact that the defense
> is actually raised by way of an affirmative claim for
> relief in the form of a different cause of action in a
> subsequent proceeding."

<u>Boucher v. Bailey</u>, 117 N.H. 590, 591, 375 A.2d 1160, 1161 (1977) (citations omitted).  New Hampshire has a compulsory counterclaim rule, similar to Fed. R. Civ. P. 13(a).  <u>See</u> N.H. Super. Ct. R. 10(a).

To the extent plaintiff asserts a right to relief under federal law here, arising from Lancelot's action to enforce its lien and collect unpaid assessments, costs, and fees, her claims here were either compulsory counterclaims in that state case, or the type of defenses that should now, when styled as claims, be deemed barred by res judicata.  <u>See</u> Restat. 2d of Judgments, § 22(2) (2d ed. 1982) (res judicata bars new claims if they were either compulsory counterclaims in original action, or if their "successful prosecution" in "the second action would nullify the initial judgment or would impair rights established in the initial action").  Accordingly, res judicata bars plaintiff from raising her claims here.

## Conclusion

For the foregoing reasons, the court should dismiss all of the claims asserted in the complaint (doc. no. 1).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

6

specified time waives the right to appeal the district court's

order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15,

21-22 (1st Cir. 2014).


_____

Andrea K. Johnstone
United States Magistrate Judge

June 9, 2016

cc:  Judith Tompson, pro se